Violet B. EDWARDS, Plaintiff-Appellee,

v.

GLADEWATER INDEPENDENT SCHOOL DISTRICT, Defendant-Appellant,

No. 77–1155

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 4, 1978.

Rehearing Denied June 14, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John M. Smith, Longview, Tex., for defendant-appellant.

Larry R. Daves, Roberta S. Rodkin, Tyler, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

In the case on appeal, the district court found that the defendant school district's refusal to renew the plaintiff's teaching contract constituted impermissible racial bias and an unlawful employment practice as defined by Title VII of the Civil Rights Act. The district court ordered that the plaintiff be reinstated to a position with at least as much responsibility as that which she held before the nonrenewal of her contract, and the court awarded her back-pay, reasonable attorneys' fees, and costs. On this appeal, the defendant challenges the sufficiency of the evidence supporting the district court's decision and argues that the court's decision effectively awards the plaintiff tenure though state law does not require tenure. We affirm the district court decision.

In reviewing the district court's decision, we must apply the "clearly erroneous" standard prescribed in Rule 52(a) of the Federal Rules of Civil Procedure, and we must give "due regard" to the district court's determinations of credibility. *Sparks v. Griffin,* 460 F.2d 433, 442 (5th Cir. 1972); *Andrews v. City of Monroe,* 442 F.2d 1335, 1335 (5th Cir. 1971); Fed.R.Civ.P. 52(a). Therefore, this court will not disturb the district court's findings unless a review of all the evidence leaves this court with "the definite and firm conviction that a mistake has been made." *Tulia Feedlot, Inc. v. United States,* 513 F.2d 800, 806 (5th Cir. 1975). The plaintiff and the defendant both presented evidence supporting their positions. The district court, however, resolved the factual questions and drew permissible inferences from the evidence in favor of the plaintiff.

The evidence showed that the racial composition of the student body in the defendant school district has remained approximately 22% black. Since the desegregation of the school system in 1969, however, the racial composition of the academic personnel has changed from 17.8% black during the 1968–1969 school year to 13.8% black during the 1973–1974 school year. Since desegregation of the school system, 91 academic employees have been hired, only three of whom are black. This represents a hiring rate of only 3.2% black. The number of black teachers has decreased from 21 during the 1969–1970 school year to 17 during the 1973–1974 school year, a decrease of 19%.

The plaintiff presented evidence that her effectiveness as a teacher was never questioned during the approximately 19 years that she worked in all-black schools before desegregation. The plaintiff's immediate supervisor in the desegregated school visit-

ed the plaintiff's class once or twice every year. In his opinion, the plaintiff was performing her teaching duties as competently as the white teachers.

The plaintiff's contract was not renewed allegedly because of complaints received from parents and students. The plaintiff often was not notified of the complaints, and she was not allowed to examine the written complaints against her. Several complaints concerned students' alleged inability to understand the plaintiff's "black accent." The parents who testified, however, did not have difficulty understanding the plaintiff, and the district court stated in its opinion that it was "apparent" that the plaintiff could be easily understood and that there was no evidence the plaintiff made grammatical errors rendering her speech difficult to understand. Parents also complained about the plaintiff's disciplinary measures. Similar complaints, however, were made against white teachers whose contracts were renewed. Additionally, the principal of the school where plaintiff taught specifically told the plaintiff that because she was black, she could not use certain disciplinary procedures used by white teachers. This evidence and the permissible inferences that can be drawn therefrom support the district court's holding. Therefore, we affirm.

The defendant argues on this appeal that the effect of the district court's decision is to award tenure to the plaintiff. Although tenure has been an important factor in a different type of litigation involving public educational institutions, tenure is irrelevant in the type of case presently before us, as recognized by this court in *Sparks v. Griffin*, 460 F.2d 433, 442 (5th Cir. 1972).

AFFIRMED.